## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

JAVIER SANCHEZ,               )

                  )

      Movant,              )         Case No. 3:13-cv-00030

                  )         Senior Judge Haynes

v.                       )

                  )

UNITED STATES OF AMERICA,     )

                  )

      Respondent.         )

## MEMORANDUM

Movant, Javier Sanchez, filed this pro se action under 28 U.S.C. § 2255 seeking to set aside

his conviction for conspiracy to possess with intent to distribute one kilogram or more of heroin,

conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin,

unlawful possession of a firearm as a convicted felon, and conspiracy to commit money laundering

for which he received a sentence of 400 months. Movant's claim is that he was denied effective

assistance of counsel during plea negotiations because the he entered a guilty plea to all counts when

Respondent offered a plea agreement that allowed Movant to plead guilty only to the drug conspiracy

count with the remaining counts dropped. Movant argues that counsel's advice not to accept that plea

offer and to go to trial, constitutes ineffectiveness and that the Court should order Respondent to

produce the cited plea offer and allow him to withdraw his original plea.

On August 14, 2006, a federal grand jury indicted Movant for conspiracy to possess with

intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 and conspiracy

to commit money laundering in violation of 18 U.S.C. § 1956(h). United States v. Javier Sanchez,

et al., Case No. 3:06-cr-00144-02, Docket Entry No. 1, Indictment. On September 13, 2006, in a

superseding indictment, Movant was charged with conspiracy to distribute and to possess with intent

to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846; unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1); and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Id. at Docket Entry No. 189, Superseding Indictment.

On June 27, 2008, Movant entered an open guilty plea to all charges. Id. at Docket Entry No. 576, Minute Entry. On May 20, 2008, prior to the hearing, Respondent filed a Notice of Movant's prior convictions. Id. at Docket Entry No. 559. After a hearing, the Court sentenced Movant to 400 months that was within the guidelines for his sentence. Id. at Docket Entry No. 812, Judgment. On direct appeal, the Sixth Circuit affirmed. Id. at Docket Entry No. 943. On January 14, 2013, Movant filed this action.

An evidentiary hearing in a Section 2255 proceeding is not required if the record conclusively establishes that Movant is not entitled to relief. Arrendondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999); Rule 8, Rules Governing Section 2255 Proceedings for the United States District Courts. An evidentiary hearing is also not required if "the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Arrendondo, 178 F.3d at 782 (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

In an affidavit, Dennie Hardin, Movant's trial counsel, states that such an offer was not made, and the plea agreement offered to Movant had a sentence in excess of 20 years. (Docket Entry No. 14-1, Hardin affidavit at ¶ 4). As to the § 851 enhancement, Hardin states that Movant adamantly refused Respondent's proposed plea agreement, but also rejected counsel's advice to proceed to trial. Id. at ¶ 5-6. In his several conversations with Movant on whether to plead guilty or proceed to trial, Hardin advised Movant that several of his co-defendants including Movant's girlfriend were willing

to testify against him at trial. Id. at ¶ 8. With this knowledge, Hardin states that Movant decided to plead guilty to avoid trial. Id.

Hardin assert that the plea discussions between Movant and him were thorough and Movant's options were discussed at length. Movant rejected Respondent's earlier plea agreement due to the length sentence in the offer and decided to enter an open plea. According to Hardin, there was not a more favorable plea offer from the Government. In his affidavit, Hardin describes the plea negotiations:

4.      Petitioner states: "[d]espite the availability of a plea agreement wherein the government offered to drop the Title 18 Counts in return for a plea to the conspiracy to distribute count." The Affiant has no recollection of that offer being made, nor was that offer discussed with the Petitioner. In fact, having reviewed the United States' plea offer, it is clear that the United States intended to file an Information pursuant 18 USC §851. As such, the plea agreement presented to the Petitioner would have, no doubt, involved a sentence in excess of 20 years in prison.

5.      That, based on information, knowledge, and belief, the Affiant is certain that the Petitioner was adamantly opposed to the United States' plea agreement.

6.      That, based on the foregoing and as best as the Affiant can recall, the Affiant then encouraged the Petitioner to have his case tried before a jury, which the Petitioner rejected.

7.      That further, the Affiant is not aware or does not recall a plea agreement in which the United States offered to dismiss certain counts in exchange for a plea agreement.

8.      That the Affiant and Petitioner had several conversations at the Warren County Regional Jail in which the discussion involved whether the Defendant should plead guilty or go to trial. Shortly after July 17, 2007, the date on which a plea agreement was mailed to Affiant's office, the Affiant advised the Petitioner of several co-defendants who were then willing to testify against the Petitioner at his trial. One of these co- defendants was the Petitioner's girlfriend, Tamara Wombles. Following the realization that several of his co-defendants would testify against him, the focus then became finding a way to avoid trial.

9. That the Affiant was not in favor of the Petitioner pleading guilty and, as best as the Affiant can recall, stated his objection during the plea colloquy.

Docket Entry No. 14, Hardin Affidavit at ¶¶ 4-9).

Section 2255 affords relief for a constitutional nature that qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Farley, 512 U.S. 339, 353 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996). Rule 4(b) of the Rules Governing Section 2255 provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record or prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Under Section 2255, "the files, records, transcripts and correspondence relating to th[e] judgment" are available to the Court in considering the Movant's motion. Rule 4, Advis. Comm. Notes. Where the judge considering the § 2255 motion also conducted the underlying trial, he may rely on his recollection of those proceedings. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

The movant bears the burden of establishing his claim of ineffective assistance of counsel by a preponderance of the evidence. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate:

> First, . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687 (emphasis added). In the context of a guilty plea, a movant claiming ineffective assistance of counsel must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." See Hill v. Lockhart, 474 U.S.

4

52, 59 (1985). He "must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012). A defendant cannot "satisfy the prejudice prong in the absence of any statement that he is actually innocent, or would have gone to trial if his attorney's performance had been different." Hunter v. United States, 160 F.3d 1109, 1115 (6th Cir. 1998). "'A reasonable probability,' as the Supreme Court has previously defined the term, 'is a probability sufficient to undermine confidence in the outcome.' This burden is relatively low, being less than a preponderance-of-the-evidence standard." Titlow v Burt, 680 F.3d 577, 587 (6th Cir. 2012) (internal citations and quotations omitted).

The undisputed facts are that the only difference between Respondent's plea offer and Movant's open plea was that Respondent offered to dismiss the money laundering and illegal possession of a firearm. For Movant's drug conspiracy conviction alone, the sentencing guideline range was 360 months to life with a mandatory minimum sentence of 20 years. Thus, the Court concludes that dismissal of the Title 18 counts would not have changed Movant's sentencing range and therefore Movant cannot prove prejudice as required by Strickland.

Accordingly, the Court concludes that Movant's motion to vacate, set aside, or correct sentence should be denied and this action should be dismissed with prejudice.

An appropriate Order is filed herewith.

ENTERED this the ____ day of February, 2016.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge